**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **LATASHA M. KANODE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 1:21-00215** |
| **v.** | ) | |
| | ) | |
| **LORI NOHE, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss for Failure to Timely File Petition" (Document No. 9), filed on May 25, 2021. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondent's "Motion to Dismiss for Failure to Timely File Petition" (Document No. 9).

**PROCEDURE AND FACTS**

1.     **Criminal Action No. 13-F-306:**

On October 16, 2013, the Grand Jury of Mercer County, West Virginia returned an Indictment against Petitioner charging her with one count of First-Degree Murder in violation of W. Va. Code § 61-2-1 (Count One); one count of First-Degree Robbery in violation of W. Va. Code § 61-2-12 (Count Two); one count of Attempted First-Degree Murder in violation of W. Va. Code § 61-11-8 (Count Three); one count of Conspiracy to Commit Murder in violation of W. Va.

Code § 61-10-31 (Count Four); and one count of Unlawful Possession of a Firearm by a Convicted Felon in violation of W. Va. Code § 61-7-7 (Count Five). (Document No. 9-2). On February 12, 2014, Petitioner pled guilty to First-Degree Murder (Count One), First-Degree Robbery (Count Two), Attempted First-Degree Murder (Count Three), and Conspiracy to Commit Murder (Count Four). (Document Nos. 9-3 and 9-4.) Pursuant to the Plea Agreement, Count Five (Unlawful Possession of a Firearm by a Convicted Felon) was dismissed and the State agreed to recommend life with the recommendation of mercy as to Count One and a 20-year cap as to Count Two. (Id.) On March 25, 2014, the Circuit Court sentenced Petitioner to life with mercy as to the charge of First-Degree Murder; a determinate term of twenty (20) years as to the charge of First-Degree Robbery; an indeterminate sentence of not less than three (3) years nor more than fifteen (15) years as to the charge of Attempted First-Degree Murder; and an indeterminate sentence of not less than one (1) year nor more than five (5) years as to the charge of Conspiracy to Commit Murder. (Document No. 9-5.) The Circuit Court directed that the sentences be served consecutively and granted Petitioner credit for 253 days for time served. (Id.) The Circuit Court entered the Sentencing Order on March 27, 2014. (Id.) On April 1, 2014, Petitioner, by counsel, filed a Motion for Reconsideration of Sentence pursuant to Rule 35. (Document No. 9-7.) By Order entered on April 4, 2014, the Circuit Court denied Petitioner's Motion. (Document No. 9-8.)

**2.      State *Habeas* Proceeding:**

On August 25, 2017, Petitioner, by counsel, Dana P. McDermott, filed in the Circuit Court of Mercer County Petitioner's Petition for Writ of *Habeas* Corpus and Losh List. Kanode v. Sallaz, Case No. 17-C-329 (Cir. Ct. Mercer Co. Jan. 7, 2019); (Document No. 9-10.) On January 12, 2017, the State filed its Response to Petitioner's Petition. (Document No. 9-14.) The deposition of Petitioner's trial counsel, David Smith, was conducted on August 23, 2018. (Document No. 9-12.)

An omnibus hearing was conducted on September 24, 2018. (Document No. 9-13.) During the omnibus hearing, the Circuit Court heard testimony from Petitioner and the following witnesses: Phillip Scantlebury, trial counsel; Steven Brandon MacDonald, co-defendant; Amanda Kanode; and Scott Ash, prosecutor. (Id.) On October 9, 2018, Petitioner, by counsel, filed her Memorandum of Law. (Document No. 9-11.) On October 16, 2018, the State filed a Response to Petitioner's Memorandum of Law. (Document No. 9-15.) On October 29, 2018, Petitioner, by counsel, filed her Reply to Respondent's Response to Petitioner's Memorandum of Law. (Document No. 9-16.) On January 7, 2019, the Circuit Court entered its Order denying Petitioner's *habeas* petition. (Document No. 9-17.)

On June 6, 2019, Petitioner, by counsel, filed a Petition for Appeal with the West Virginia Supreme Court of Appeals ("WVSCA"). (Document No. 9-18.) The State filed its Brief on June 27, 2019. (Document No. 9-19.) On July 17, 2019, Petitioner filed a "Response to Respondent's Brief." (Document No. 9- 20.) By Memorandum Decision entered on April 6, 2020, the WVSCA affirmed the Circuit Court's order denying Petitioner's *habeas* petition. (Document No. 9-21.)

**3.    Instant Section 2254 Petition:**

On April 9, 2021, Petitioner, by counsel, filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. (Document No. 1.) As the sole ground for *habeas* relief, Petitioner argues that "[t]he state habeas judge violated the Due Process Clause of the Fourteenth Amendment by ignoring an argument presented in the Petitioner's Omnibus Habeas Corpus Petition, which used a case from the Supreme Court of Appeal of West Virginia." (Id., p. 5.) Petitioner explains that the argument "ignored" by the Circuit Court involved the ineffectiveness of trial counsel concerning the suppression of Petitioner's confession. (Id.) Petitioner explains that she gave a statement to the Mercer County Sheriff that amounted to a

3

confession. (Id.) Petitioner claims that trial counsel, David Smith, was ineffective in his failure to investigate Petitioner's competency at the time of the confession. (Id.) Petitioner claims that if Mr. Smith would have conducted an adequate investigation, Petitioner's confession would have been suppressed and she would not have pled guilty. (Id.) Petitioner contends that Mr. Smith proceeded with the suppression hearing only with the knowledge that Petitioner had taken "some pills." (Id.) Petitioner asserts that if Mr. Smith would have interviewed Petitioner or her family members, Mr. Smith would have learned that "Petitioner shot up fourteen (14) Dilaudid pills (an opioid) about forty (40) minutes before she gave her statement to the Mercer County Sheriff." (Id.) Petitioner contends that the foregoing issue was not properly considered by the Circuit Court in its Order denying *habeas* relief. (Id.) As Exhibits, Petitioner attaches the following: (1) A copy of the Circuit Court's "Order Denying Petition for Writ of Habeas Corpus" (Document No. 1-1.); and (2) A copy of the WVSCA's Memorandum Decision entered on April 6, 2020, affirming the Circuit Court's order denying Petitioner's *habeas* petition (Document No. 1-2.).

By Order entered on April 13, 2021, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition and "include copies of Court and other records which would facilitate determination of the timeliness of Petitioner's Petition." (Document No. 6.) On May 25, 2021, Respondent filed a "Motion to Dismiss for Failure to Timely File Petition" and Memorandum in Support. (Document Nos. 9 and 10.) Specifically, Respondent argues that Petitioner's Petition is untimely and should be dismissed with prejudice for failure to file within the limitation period prescribed by 28 U.S.C. § 2244(d). (Id.) As Exhibits, Respondent attaches the following: (1) A copy of the Mercer County Circuit Court's Docket Sheet for Case No. 13-F-306 (Document No. 9-1.); (2) A copy of Petitioner's Indictment as filed in Case No. 13-F-306 (Document No. 9-2.) (3) A copy the transcripts from Petitioner's Plea Hearing (Document

No. 9-3.); (4) A copy of the Circuit Court's Order dated February 5, 2014, accepting Petitioner's guilty plea (Document No. 9-4.); (5) A copy of the Circuit Court's Sentencing Order for Petitioner (Document No. 9-5.); (6) A copy of the Circuit Court's Sentencing Order for Petitioner's co-defendant, Steven MacDonald (Document No. 9-6.); (7) A copy of Petitioner's Motion for Reconsideration as filed on April 4, 2014 (Document No. 9-7.); (8) A copy of the Circuit Court's Order dated April 3, 2014, denying Petitioner's Motion for Reconsideration (Document No. 9-8.); (9) A copy of the Docket Sheet for Case No. 17-C-239[1] (Document No. 9-9.); (10) A copy of Petitioner's State *habeas* Petition and Losh List (Document No. 9-10.); (11) A copy of Petitioner's Memorandum of Law as filed on October 9, 2018 (Document No. 9-11.); (12) A copy of the deposition transcript of David Smith dated August 23, 2018 (Document No. 9-12.); (13) A copy of the transcripts of the omnibus hearing conducted on September 24, 2018 (Document No. 9-13.); (14) A copy of the State's Response to Petitioner's Petition as filed on January 12, 2018 (Document No. 9-14.); (15) A copy of the State's Response to Petitioner's Memorandum of Law as filed on October 16, 2018 (Document No. 9-15.); (16) A copy of Petitioner's Reply to the State's Response as filed on October 29, 2018 (Document No. 9-16.); (17) A copy of the Circuit Court's Order Denying Petition for Writ of Habeas Corpus as entered on January 7, 2019 (Document No. 9-17.); (18) A copy of Petitioner's Petition for Appeal to the WVSCA as filed on June 6, 2019 (Document No. 9-18.); (19) A copy of the State's Response Brief as filed on June 27, 2019 (Document No. 9-19.); (20) A copy of Petitioner's Response to Respondent's Brief as filed on July 17, 2019 (Document No. 9-20.); and (21) A copy of the WVSCA's Memorandum Decision entered on April 6, 2020, affirming the Circuit Court's order denying Petitioner's *habeas* petition (Document No.

---

[1] It appears that Respondent erroneously attached the Docket Sheet for *Tiller v. Surface*, Case No. 17-C-239 (Cir. Ct. Mercer Co. Feb. 22, 2019), instead of the Docket Sheet for *Kanode v. Sallaz*, Case No. 17-C-329 (Cir. Ct. Mercer Co. Jan. 7, 2019).

9-21.)

On June 28, 2021, Petitioner, by counsel, filed her Response. (Document No. 12.) Petitioner, however, fails to address Respondent's claim that Petitioner's Petition is untimely. (Id.) Instead, Petitioner argues that the basis of her instant Petition is that the Circuit Court Judge "ignored an argument using state Supreme Court case law and ruled based solely on the 'preponderance of evidence.'" (Id., p. 1.) Petitioner explains that "[o]ne of the Petitioner's two defense counsels in the underlying criminal proceeding failed to investigate the extent of the Petitioner's drug intoxication when giving her statement to the Mercer County Sheriff." (Id., p. 2.) Petitioner argues that even though this argument was properly presented in her State *habeas* Petition, with reference to case law from the WVSCA, this argument "was ignored by the State habeas corpus judge who ruled on that issue using only 'preponderance of evidence.'" (Id.) Thus, Petitioner concludes that she was denied due process by the Circuit Court Judge's failure to consider "the case argument." (Id.) Petitioner contends that she still maintains "that the defense counsel (David Smith) who conducted the suppression hearing at issue here did not investigate the Petitioner's extent of drug intoxication when she gave her statement to the Mercer County Sheriff." (Id.)

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas

6

court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d

127, 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court,

however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable

conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by

exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin,

471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim

for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d

at 169 (internal quotations omitted). The court may also consider such exhibits and matters of

public record, such as documents from prior state court proceedings, in conjunction with a Rule

12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589

F.3d at 139.

## ANALYSIS

1.    **Timeliness:**

        In 1996, Congress enacted the AEDPA, which established a one-year period of limitation

governing the filing of Section 2254 *habeas* petitions. The one-year period runs from the latest of

one of four specified events:

> (A)    the date on which the judgment became final by the conclusion of direct
>        review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State
>        action in violation of the Constitution or laws of the United States is
>        removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized
>        by the Supreme Court, if the right has been newly recognized by the
>        Supreme Court and made retroactively applicable to cases on collateral
>        review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented
>        could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.    Section 2244(d)(1)(A):

The undersigned will first consider the timeliness of Petitioner's Petition under Section 2244(d)(1)(A). Section 2244(d)(1)(A) provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file a direct appeal of her conviction in the WVSCA, and therefore, her conviction became final by the expiration of the time for seeking direct review, on July 27, 2014 (four months after Petitioner was sentenced in the Circuit Court of Mercer County).[2] Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[3] the one-year statute of limitation began to run on July 28, 2014, and Petitioner had until July 27, 2015, to file a Section 2254 Application in the United States District Court, unless she first sought post-conviction relief from the State Courts.

Petitioner filed in the Circuit Court of Mercer County a Motion for Reconsideration of

---

[2] Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure provides that "[a]n appeal must be perfected within four months of the entry of the circuit court order in accordance with Rule 5 of the Rules of Appellate Procedure."

[3] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

> **(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>> **(1) Period Stated in Days or a Longer Unit.**
>> When the period is stated in days or a longer unit of time:
>>> **(A)** exclude the day of the event that triggers the period;
>>> **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>>> **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Sentence pursuant to Rule 35 on April 1, 2014, which was prior to the statute of limitation period beginning to run. See Wall v. Kholi, 562 U.S. 545, 546, 131 S.Ct. 1278, 1281, 179 L.Ed.2d 252 (2011)(holding that AEDPA's limitation period may be tolled by the filing of a motion to reduce sentence pursuant to Rule 35); Bellamy v. Plumley, 2015 WL 2155697, * 5 (S.D.W.Va. May 7, 2015)("While a motion to reduce sentence may toll the AEDPA's statute of limitations from running, an untimely motion does not since it is not 'properly file' within the meaning of § 2244(d)(2)."); Johnson v. Plumley, 2014 WL 3735856, fn. 2 (N.D.W.Va. July 29, 2014)("[A] motion to reduce a sentence seeks collateral relief, and thus triggers the tolling provision of 28 U.S.C. § 2244(d)(2)"). On April 4, 2014, the Circuit Court of Mercer County denied Petitioner's Motion for Reconsideration of Sentence. Petitioner failed to appeal the Circuit Court's denial of her Motion for Reconsideration. The limitation period thus was tolled from July 27, 2014 (the date Petitioner's conviction became final by the expiration of the time for seeking direct review) until August 4, 2014 (the date of the expiration of the time period Petitioner could have appealed the denial of her Rule 35 Motion). See Turner v. Ballard, 2015 WL 4477816, fn. 7 (N.D.W.Va. 22, 2015)(noting that the Rule 35 Motion tolled the running of the limitation period until the time within which petitioner could have, but did not, appeal the denial of his Motion). The limitation period thus began to run on August 5, 2014, and Petitioner had until August 4, 2015,[4] to file a Section 2254 Petition in the United States District Court, unless she again sought post-conviction relief from the State Courts. The one-year limitation period, however, expired on August 4, 2015, as Petitioner did not have a State *habeas* petition pending at any time between the date of her

---

[4] Since Petitioner filed her Rule 35 Motion prior to the running of the statute of limitations, and thereby tolling the running of the statute of limitations, Petitioner had the full one year remaining to file her Section 2254 Petition.

conviction through August 4, 2015. Petitioner filed her instant Section 2254 Petition on April 9, 2021, nearly 5 years and 8 months after the expiration of the limitations period. Therefore, the undersigned finds that Petitioner's Section 2254 *habeas* Petition was filed outside the limitation period under 28 U.S.C. § 2244(d)(1)(A).

**B.    Section 2244(d)(1)(D):**

Next, the undersigned will consider the timeliness of Petitioner's Petition under Section 2244(d)(1)(D). Petitioner appears to argue that her Petition is timely under Section 2244(d)(1)(D). (Document No. 1, p. 9.) Specifically, Petitioner states as follows:

> The date on which the factual predicate of the claim (Ground 1 – the only ground)[5] presented could have been discovered through the exercise of due diligence is January 7, 2019. In the decision of the state habeas judge of the Ninth Judicial Circuit, Princeton, Mercer County, WV, the judge ignored a key argument which used a case of the Supreme Court of Appeals of West Virginia. The Opinion Order cited only "preponderance of the evidence" which supported the state's position, but ignored the case which supported the Petitioner's argument. In habeas corpus, although a civil proceeding, state supreme court case law can trump "preponderance of the evidence."

(Id.) Therefore, Petitioner contends that January 7, 2019 (the date of the Circuit Court's Order denying Petitioner's State *habeas* Petition), is the "factual predicate" date. Petitioner's above argument, however, is meritless. Courts within the Fourth Circuit have interpreted the term "factual predicate" to mean "evidentiary facts or events and not court rulings or legal consequences of the fact." Diver v. Jackson, 2013 WL 784448, * 3 (M.D.N.C. March 1, 2013); Gary v. Johnson, 2010 WL 11527408, * 5 (E.D.Va. June 18, 2010); also see Rivas v. Fischer, 687 F.3d 514, 535

---

[5] In Ground 1, Petitioner argues that "[t]he state habeas judge violated the Due Process Clause of the Fourteenth Amendment by ignoring an argument presented in the Petitioner's Omnibus Habeas Corpus Petition, which used a case from the Supreme Court of Appeals of West Virginia." Petitioner explains the Circuit Court failed to properly consider her argument that David Smith was ineffective regarding his failure to get Petitioner's confession suppressed due to her drug intoxication. Petitioner, however, asserted this argument in her *habeas* appeal to the WVSCA. The WVSCA clearly considered and rejected Petitioner's claim. (Document No. 9-21, pp. 4 – 5.)

(2nd Cir. 2012)(determining that factual predicate "consists only of 'vital facts' underlying the claim – i.e., 'those without which the claim would necessarily be dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts . . . or Rule 12(b)(6) of the Federal Rules of Civil Procedures.'"); Mathena v. United States, 557 F.3d 943, 946 (8th Cir. 2009)("The factual predicate of a claim could have been discovered when a petitioner knows or should have known through due diligence the vital facts underlying the claim."); McAleese, v. Brennan, 483 F.3d 206, 214 (3rd Cir. 2007)(Under Section 2244(d)(1)(D), "the factual predicate of a petitioner's claims constitutes the vital facts underlying [the] claims," not merely "evidence that might support his claims."); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)("[T]he trigger in § 2241(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance."); Coley v. Ducart, 2017 WL 714304, * 4 (E.D.Cal. Feb. 23, 2017)("[I]f material does not 'change the character' of a claim or provide new grounds for a petition, it is not a 'factual predicate' within the meaning of this section."). Additionally, "if new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." Rivas, 687 F.3d at 535. The Circuit Court's Order dated January 7, 2019, does not constitute "vital facts" underlying Petitioner's claim. Petitioner's underlying claim was based upon trial counsel's alleged ineffectiveness regarding the suppression of Petitioner's confession due to her alleged drug intoxication. (Document No. 1.) Petitioner does not claim that she did not know vital facts underlying her ineffective assistance of counsel claim. Specifically, there is no allegation or indication of the discovery of new evidence regarding trial counsel's alleged ineffectiveness concerning the suppressing of Petitioner's confession due to her drug intoxication. Rather, Petitioner argues that the Circuit Court erred in its consideration of the

11

issue. See Lawrence v. Brankers, 517 F.3d 700, 717 (4th Cir. 2008)(Any procedural errors in state post-conviction proceedings are not cognizable in federal habeas proceedings, as state prisoners enjoy on federal constitutional right to post-conviction proceedings in state court.) Thus, Petitioner is merely challenging the Circuit Court's Order dated January 7, 2019, and attempting to bootstrap her ineffective assistance of counsel claim to the date the Circuit Court's denial Order. Based on the foregoing, the undersigned finds that Section 2244(d)(1)(D) is inapplicable. Therefore, the undersigned finds that Petitioner's Section 2254 *habeas* Petition was filed outside the limitation period under 28 U.S.C. § 2244(d).[6]

**2.    Equitably Tolling:**

The one-year limitation period may be subject to equitable modification in appropriate cases. See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); Harris v. Hutchinson, 209 F.3d 325, 328-31 (4th Cir. 2000). In Holland, the United States Supreme Court concluded that Section 2244(d) may be tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649, 130 S.Ct. at 2562; also see Harris, 209 F.3d at 330(petitioner bears the burden of proof regarding equitable tolling). The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting her claims due to the respondent's wrongful conduct. Harris, 209 F.3d at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting her claims due to circumstances beyond her control or "external to the party's own conduct." Id. The Harris Court made it clear that equitable

---

[6] Petitioner does not allege any impediments to filing or a newly recognized right that would implicate the provisions of 28 U.S.C. § 2244(d)(1)(B) or (C).

tolling should rarely be allowed stating as follows (Id.):

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond her control to justify invoking the doctrine of equitable tolling. Furthermore, a misunderstanding of the statutory limitation period, no matter how innocent it may be, does not constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]the mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings.

Harris, 209 F.3d at 331. Finally, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed nearly 5 years and 8 months after the Section 2244(d) one-year period expired. Petitioner is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that her Section 2254 action be dismissed as untimely unless Petitioner can demonstrate that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period. Accordingly, undersigned respectfully recommends that the District Court grant Respondent's "Motion to Dismiss for Failure to Timely File Petition" (Document No. 9).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's "Motion to Dismiss for Failure to Timely File Petition" (Document No. 9), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1), and **REMOVE** this matter from the Court's docket unless Petitioner can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Faber,

14

and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same Petitioner and to counsel of record.

Dated: October 29, 2021.

Omar J. Aboulhosn
United States Magistrate Judge

15